Filing # 43263502 E-Filed 06/27/2016 02:35:23 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA
CIVIL DIVISION (TAMPA)

NANCY JACOBY,

   Plaintiff,                              CASE NO.:

-VS-

WELLS FARGO BANK, N.A. d/b/a WELLS
FARGO DEALER SERVICES,

   Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Nancy Jacoby, by and through the undersigned counsel, and sues Defendant, Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services (hereinafter "Wells Fargo"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like WELLS FARGO BANK, N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

7. Venue is proper in this Circuit as Plaintiff resides within Hillsborough County, Florida, the violations described in this Complaint occurred in this County and the Defendant transacts business within Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant, Wells Fargo is a corporation with its principal place of business located at 420 Montgomery St., San Francisco, CA 94163 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays St, Tallahassee, FL 32301-2525.

13. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. Wells Fargo called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times since September 1, 2015, in an attempt to collect a debt which she does not owe.

15. Wells Fargo attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls which she does not owe.

16. Wells Fargo intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

17. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received from Wells Fargo.

18. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (813) \*\*\*-6155, and was the called party and recipient of Defendant's calls.

19. Beginning on or about September 1, 2015, Wells Fargo began bombarding Plaintiff's cellular telephone (813) \*\*\*-6155 with automated telephone calls in an attempt to collect on an alleged car loan which she does not owe.

20. Beginning on or about September 1, 2015, Wells Fargo began repeatedly placing automated telephone calls to Plaintiff's cellular telephone looking for an individual known only as "Tori Vargas" (sp).

21. Plaintiff does not currently, nor has she ever known, an individual by the name of Tori Vargas.

22. While Plaintiff has had automobile loans with Wells Fargo in the past, all the calls from Wells Fargo to Plaintiff were for an individual known as Tori Vargas and at the time of said calls, all of Plaintiff's previous accounts were paid in full, closed and non-delinquent.

23. Due to Plaintiff previously having had an account with Wells Fargo, and due to the fact that Wells Fargo continued to call her despite Plaintiff repeatedly informing Wells Fargo she was not Tori Vargas, Plaintiff was fearful that her personal information may have been mixed up with a Tori Vargas and her credit score may be harmed as a result.

24. Plaintiff never gave Wells Fargo permission to call her regarding someone else's account.

25. On many occasions, as early as September, 2015, Plaintiff would answer calls from Wells Fargo and explain to its agents that she is not Tori Vargas, she does not know said individual, and to stop calling her cellular telephone.

26. On another instance, Plaintiff answered and spoke to agent of Wells Fargo in February, 2016 and again reiterated that she wanted the calls to stop, does not know a Tori Vargas and had informed Wells Fargo numerous times before to stop calling.

27. On Approximately June 22, 2016, Plaintiff answered a call from Wells Fargo and informed the agent that Wells Fargo needs to read their notes as Plaintiff has informed Wells Fargo many times prior that she is not Tori Vargas and does not know a Tori Vargas and to stop calling.

28. Due to the tremendous amount of calls Plaintiff was receiving from Wells Fargo, Plaintiff was not able to properly catalogue each and every call, however attached hereto is a small sampling of the calls she received:

    i) March 25, 2016 at 1:29 PM from 909-941-5634

    ii) April 19, 2016 at 3:51 PM from 909-941-5634

 iii) May 17, 2016 at 3:59 PM from 909-941-5634

 iv) May 18, 2016 at 9:22 AM from 909-941-5634

 v) May 18, 2016 at 9:23 AM from 909-941-5634

29. Wells Fargo has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

30. Wells Fargo has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Wells Fargo, to remove the number.

31. Wells Fargo's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Wells Fargo they wish for the calls to stop.

32. Wells Fargo has numerous other lawsuits pending against it alleging similar violations as stated in this Complaint.

33. Wells Fargo has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

34. Wells Fargo has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

35. Wells Fargo's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

36. Wells Fargo has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not a single call placed by Wells Fargo to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Wells Fargo willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Plaintiff also has a medical issue related to her heart and had to take increased medication due to the added stress and anxiety to counteract her heart condition. Additionally, due to both the answered and unanswered calls from Wells Fargo, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's battery, unavailability of Plaintiff's cell phone while ringing and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts "to collect a debt" from Plaintiff which she did not owe and by using an Automatic Telephone Dialing System/Predictive Dialer to call Plaintiff's cellular telephone.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41. Wells Fargo willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Wells Fargo that she wished for the calls to stop.

42. Wells Fargo repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Wells Fargo for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

43. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

44. At all times relevant to this action Wells Fargo is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

45. Wells Fargo has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

46. Wells Fargo has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

47. Wells Fargo has violated Florida Statute § 559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

48. WELLS FARGO BANK, N.A.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Wells Fargo for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
tgomez@forthepeople.com
Florida Bar #: 0338620
Attorney for Plaintiff